PEOPLE OF PUERTO RICO, Complainant, *v.* SOUTH P. R. SUGAR Co., (A NEW JERSEY CORPORATION), SOUTH P. R. SUGAR Co., (DOMESTIC CORPORATION) and RUSSELL & Co., SUCESORES, Defendants.

No. 4. Argued October 21, 1940.—Decided June 5, 1941.

James R. Beverley and R. Castro Fernández, for the South P. R.
Sugar Co. of P. R.; Hartzell, Kelly & Hartzell and Rafael O.

*Fernández,* for Russell & Co., Successors. *George A. Malcolm,* Attorney General, *Miguel Guerra Mondragón, Rafael Rivera Zayas* and *Luis Venegas Cortés,* Associate Counsel, for The People of Puerto Rico.

Mr. Justice De Jesús delivered the opinion of the Court.

The respondents, Russell & Co., Succrs., and South Porto Rico Sugar Co. of Porto Rico, have demurred to the amended complaint. We shall summarize the different questions raised by said demurrers and as we state them, we shall proceed to decide them.

I. There exists a misjoinder of parties defendant and of causes of action, because the remedy of *quo warranto* should be addressed against corporations and not against partnerships, and as Russell & Co., Succrs. is a partnership, it should not have been sued within this special proceeding, and the cause of action which might exist against it should not have been accumulated either within said proceeding.

This question was decided by this Court adversely to the respondents in the cases of *People* v. *Fajardo Sugar Co.,* 50 P.R.R. 156, and *People* v. *Fajardo Sugar Co.,* 51 P.R.R. 851, 866. We have nothing to add to what we then stated.

II. That there exists a nonjoinder of parties defendant because the American Colonial Bank and Trust Co. and the stockholders of South P. R. Sugar Co. of New Jersey were not included as such.

This Court has not passed over this matter before, but as it is well sustained by counsel for the complainant, the American Colonial Bank and Trust Co. "merely holds a representative office of the respondents in the execution of the plan and should not appear nor is it necessary that it should be included as a party defendant." The mission of American Colonial Bank & Trust Co., as alleged in the complaint, is limited to receiving the profits earned by Russell & Co., Succrs., and to distribute them among the stockholders of South P. R. Sugar Co. of New Jersey. This being so, as the rights of the trustee are subjected to those of Russell & Co., Succrs., and as the former cannot have rights distinct and

independent from those of the latter, it is evident that the rights of the trustee are finally determined by the judgment which may be rendered against Russell & Co., Succrs.

Neither are the stockholders of South P. R. Sugar Co. of New Jersey a necessary party, because their right to receive the profits of Russell & Co., Succrs., is derived from their *status* as stockholders, that is, is subjected to the rights of the corporate entity, and the judgment rendered against the latter binds them as stockholders and affects their right as such.

III. That the provisions of Acts Nos. 33 and 47 of 1935 are not applicable to the instant case because the facts charged to the respondents took place a long time before the enactment of those laws and consequently, to apply them to such facts would be equivalent to giving them a retroactive effect, contrary to the provisions of the Civil Code.

The constitutionality of the laws of 1935 aforementioned, was upheld by the Supreme Court of the United States in the case of *People* v. *Rubert Hermanos,* 309 U.S. 543, 84 L. ed. 916. As it was held by said Court in affirming our judgment, the object of said laws is to furnish the means to render effective the Joint Resolution of Congress approved in 1900. In other words, they have a procedural character, and it is known that procedural statutes have retroactive effect unless it appears from them, expressly or implicitly, that it was not the intention of the legislator to give them such effect. *Mason* v. *White Star Bus Line,* 53 P.R.R. 320. The legislative intention of giving said laws a retroactive effect is evident.

IV. The defendants allege that the complaint is ambiguous, unintelligible and vague, because it cannot be ascertained whether it alleges a violation by this respondent of the Joint Resolution of 1900, under the theory that said respondent is a corporation, or a conspiracy between this and the other respondents, and finally, that the complaint does not allege facts sufficient to state a cause of action against Russell & Co., Succrs.

From the complaint it appears clearly that Russell & Co., Succrs., is and has always been a partnership, and that the purpose for its creation was none other than to cooperate with the South P. R. Sugar Co. of New Jersey, and the other respondents, in the accomplishment of the plan to evade the prohibition imposed by the Joint Resolution of Congress, approved in 1900 and ratified by Section 39 of the Organic Act in force. As it is alleged in the amended complaint that Russell & Co., Succrs., is an agent or subsidiary of South P. R. Sugar Co. of New Jersey, and as it may be included as defendant in this proceeding, as we said before, there is no doubt that the amended complaint alleges facts sufficient to state a cause of action against said respondent.

For the above stated reasons, the demurrer filed by said two respondents are overruled and they are granted a term of twenty days within which to file their answer.